IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


| | | |
|---|---|---|
| STEVEN WAYNE PETHEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV1045 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Plaintiff Steven Wayne Pethel ("Plaintiff") brought this action pursuant to Section 205(g) of the Social Security Act (the "Act"), as amended and codified at 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his claim for Social Security Disability Insurance benefits under Title II of the Act.

Plaintiff subsequently filed a Motion to Reverse the Decision of the Commissioner of Social Security or in the Alternative to Remand for Rehearing, pursuant to Rule 7(b) of the Federal Rules of Civil Procedure (Doc. 11), and the Commissioner has filed a Motion for Judgment on the Pleadings

(Doc. 14).  Additionally, the administrative record has been certified to this court for review.[1]

For the reasons set forth below, the Commissioner's motion will be granted, Plaintiff's motion to reverse the decision of the Commissioner and request for remand will be denied, and the case will be dismissed.

## I.  <u>BACKGROUND</u>

Plaintiff protectively filed an application for Social Security Disability Insurance benefits on September 4, 2008, alleging a disability beginning on December 7, 2007.  The claim was denied initially and upon reconsideration.  A hearing was held before an Administrative Law Judge ("ALJ"), and on January 20, 2011, the ALJ denied Plaintiff's application.[2] (Tr. at 10, 19.) On July 27, 2012, the Appeals Council subsequently denied

---

[1] Transcript citations refer to the Administrative Transcript of Record filed manually with the Commissioner's Answer.  (Doc. 8.)

[2] "The Commissioner uses a five-step process to evaluate disability claims."  <u>Hancock v. Astrue</u>, 667 F.3d 470, 472 (4th Cir. 2012).  "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [his] past relevant work; and (5) if not, could perform any other work in the national economy."  <u>Id.</u>  A finding adverse to the claimant at any of several points in this five-step sequence forecloses a disability designation and ends the inquiry.

Plaintiff's request for review of the decision, thereby making the ALJ's conclusion the Commissioner's final decision for purposes of judicial review. (Tr. at 1-3.)

The ALJ found that Plaintiff had the following severe impairments: chronic back pain, hypertension, diabetes mellitus, numbness of the left foot, depression, and anxiety disorder. (Id. at 12.) The ALJ then found that Plaintiff's impairments, alone or in combination, did not meet or equal a Listing impairment. (Id.) The ALJ determined that Plaintiff had the residual functional capacity ("RFC")[4] to perform light work with following limitations: can only occasionally push/pull with left lower extremity; can occasionally climb stairs but cannot climb ladders; can only occasionally stoop and crouch; can occasionally work around hazards; and can only perform simple,

---

[4] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines v. Barnhart, 453 F.3d 559, 562 (4th Cir. 2006) (noting that administrative regulations require RFC to reflect claimant's "ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . [which] means 8 hours a day, for 5 days a week, or an equivalent work schedule" (internal emphasis and quotation marks omitted)). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall v. Harris, 658 F.2d 260, 265 (4th Cir. 1981). "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (e.g., pain)." Hines, 453 F.3d at 562-63.

routine, repetitive tasks with occasional interpersonal interaction. (Id. at 15.)

The ALJ determined that Plaintiff was unable to perform any past relevant work but that considering his age, education, work experience and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff was capable of performing, including: health and beauty aids packager, glue machine operator, and laundry folder. (Id. at 17-18.) Thus, the ALJ found that Plaintiff was not disabled. (Id. at 19.)

After unsuccessfully seeking review by the Appeals Council, Plaintiff filed the present action on September 20, 2012. (Compl. (Doc. 1).)

## II.  **LEGAL STANDARD**

Federal law authorizes judicial review of the Social Security Commissioner's denial of social security benefits. 42 U.S.C. § 405(g); Hines, 453 F.3d at 561. However, the scope of review of such a decision is "extremely limited." Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case de novo." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). Instead, "a reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct

legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation omitted).

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1993) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (internal citations and quotation marks omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Hunter, 993 F.2d at 34 (internal quotation marks omitted).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]." Mastro, 270 F.3d at 176 (internal brackets and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Hancock, 667 F.3d at 472.

In undertaking this limited review, the court notes that "[a] claimant for disability benefits bears the burden of proving a disability."  Hall, 658 F.2d at 264.  In this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'"  Id. (quoting 42 U.S.C. § 423(d)(1)(A)).

At issue in this case is the ALJ's determination at step three of the sequential evaluation process. When making this determination, the ALJ is charged with determining whether a claimant's impairments meet or equal one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1.  See Social Security Ruling 96-6p, Consideration of Administrative Findings of Fact by State Agency Medical and Psychological Consultants and Other Program Physicians and Psychologists at the Administrative Law Judge and Appeals Council Levels of Administrative Review; Medical Equivalence, 1996 WL 374180 (July 2, 1996) [hereinafter "SSR 96-6p"].  An impairment or combination of impairments is medically equivalent to a listed impairment if it is at least equal in severity and

duration to the criteria of any listed impairment.  See 20

C.F.R. § 404.1526(a).  To establish medical equivalence, a

claimant must present medical findings equal in severity to all

the criteria for that listing.  Sullivan v. Zebley, 493 U.S.

521, 531 (1990). Importantly, the plaintiff bears the burden at

step three to establish that he meets or medically equals a

listed impairment.  See Hunter, 993 F.2d at 35.

## III. __ANALYSIS__

Plaintiff argues that the ALJ made an improper

determination in assessing whether Plaintiff's severe

impairments meet or medically equal a listing requirement.[3]

In his decision, the ALJ determined that Plaintiff suffered

from the following severe impairments: chronic back pain,

hypertension, diabetes mellitus, numbness of the left foot,

depression, and anxiety disorder.  (Tr. at 12.)  Nonetheless,

the ALJ found that these impairments did not meet or equal a

disability listing.  (Id.) In making this determination, the ALJ

considered Plaintiff's impairments under Medical Listings 1.02

_____

[3] The ALJ went on to make determinations at steps four and
five of the sequential evaluation process.  However, in his
Memorandum in Support of his Motion to Reverse the Commissioner
("Pl.'s Mem." (Doc. 12)), Plaintiff only challenges the ALJ's
determination at step three.  Nonetheless, this court has
reviewed these elements of the ALJ's determination as well and
finds that these determinations were based on substantial
evidence.

(major dysfunction of any joint(s)); 1.04 (disorders of the spine); 4.02 (chronic heart failure); 4.04 (ischemic heart disease); 9.08 (diabetes mellitus); 12.04 (affective disorders); and 12.06 (anxiety-related disorders).  After considering the requirements of each listing, the ALJ found: (1) "the record does not show that [Plaintiff] has major dysfunction of any joint resulting in an inability to ambulate effectively or to perform fine and gross movements as required by Medical Listing 1.02;" (2) "[Plaintiff's] back pain does not meet or equal the criteria for listing 1.04" because there was no compression of a nerve root or the spinal cord; (3) Plaintiff's hypertension did not meet or equal the requirements of Medical Listings 4.02 and 4.04, as it was not accompanied by chronic heart failure or ischemic heart disease; (4) Plaintiff's diabetes was not characterized by neuropathy to the extent required by Medical Listing 9.08, and (5) Plaintiff's mental impairment, "considered singly and in combination, do not meet or medically equal the criteria of listings 12.04 and 12.06," due to the absence of "paragraph B" criteria.  (Tr. at 12-13.)

To contest these findings, Plaintiff argues that the ALJ (1) improperly weighed the testimony of Plaintiff's treating neurosurgeon, Dr. Mark A. Lyerly, as Dr. Lyerly's testimony

should have been sufficient by itself to support a finding of disability; and (2) inappropriately discounted the testimony of the consultative examiner, Dr. Daniel W. Bradford.  (Pl.'s Mem. (Doc. 12) at 3-4.) Additionally, Plaintiff argues that subsequent medical evidence submitted to the Appeals Council should have been considered and should have led to the finding that Plaintiff met or equaled a Listing, or in the alternative, at least entitle Plaintiff to a rehearing on his disability. (Id. at 5.)  This court addresses each argument in turn.

### A.   Treating Physician's Opinion

Plaintiff contends first that the ALJ erred in not giving controlling weight to the opinion of Dr. Lyerly, Plaintiff's treating neurosurgeon since at least 2006.  (Pl.'s Mem. (Doc. 12) at 3-4.)  There are several reasons why the ALJ's decision not to give controlling weight to the opinion of Dr. Lyerly is supported by substantial evidence and did not use an incorrect legal standard.

First, Dr. Lyerly stated that Plaintiff was "totally disabled."  (Tr. at 546.)  Generally, the opinion of a "treating physician" is given "the greater weight."  Hunter, 993 F.2d at 35.  However, opinions on the ultimate issue of disability are administrative findings, not medical findings, and are reserved

for the Commissioner. See, e.g., 20 C.F.R. § 404.1527(e);

Social Security Ruling 96-2p, Giving Controlling Weight to

Treating Source Medical Opinions, 1996 WL 374188 (July 2, 1996);

Toms v. Colvin, No. 1:10CV856, 2014 WL 509195, at *7 (M.D.N.C.

Feb. 7, 2014) ("[O]pinions by physicians regarding the ultimate

issue of whether a plaintiff is disabled within the meaning of

the Act never receive controlling weight because the decision on

that issue remains for the Commissioner alone."). Therefore, it

was appropriate for the ALJ not to give the "greater weight" to

Dr. Lyerly's opinion that Plaintiff was "totally disabled."

Second, Dr. Lyerly opined that Plaintiff could lift/carry

no more than 10 pounds, could walk or sit for only 10 minutes,

and could not stand for any amount of time, but the ALJ gave

limited weight to these conclusions. (Tr. at 17.) An ALJ is

allowed to "give less weight to the testimony of a treating

physician if there is persuasive contrary evidence." Hunter,

993 F.2d at 35. The ALJ examined Dr. Lyerly's conclusions and

compared them with Plaintiff's reported activities of daily

living, such as grocery shopping with his wife, vacuuming,

washing dishes, caring for his dogs, preparing lunch for his

daughter, and going to high school football games. (Tr. at 13.)

The ALJ found that Plaintiff's own statements contradicted the

findings made by Dr. Lyerly, and this court finds that those statements present "persuasive contrary evidence."

Accordingly, the ALJ did not err in giving Dr. Lyerly's opinion less weight.

B.    **Consultative Examiner's Opinion**

Plaintiff also contends that the opinion of Dr. Bradford, a consultative examiner with the North Carolina Department of Health and Human Services, was not properly evaluated. However, again, substantial evidence supports the ALJ's decision to assign minimal weight, and in making the decision, the ALJ did not use an incorrect legal standard.

Dr. Bradford conducted a consultative examination of Plaintiff on October 24, 2009, and opined that Plaintiff would have "moderate" difficulty "performing work activities on a consistent basis" and in "understanding and accepting instructions from supervisors," (Tr. at 555-60), due to Plaintiff's "history of depression that seemed to be quite severe during the examination." (Id. at 14.) Dr. Bradford further concluded that he would have "marked" limitations in "interacting with coworkers and the public" and in "dealing with the stress of a competitive work environment." (Id. at 558.)

The ALJ noted all of the findings above but gave Dr. Bradford's opinions little weight.  (Id. at 14.)

As justification for this determination, the ALJ explained that Dr. Bradford's opinion is not consistent with the record overall or Plaintiff's own statements concerning his activities of daily living, noted above.  (Id.)  In reviewing this decision, this court first finds that there is substantial medical evidence to support the ALJ's assessment of Plaintiff's mental functional capacity.  Along with Dr. Bradford's opinion, the ALJ considered the findings of Dr. Sharon J. Skoll, a reviewing psychologist who concluded that Dr. Bradford's assessment was only partially reliable, and Dr. Susan Killenberg, a state agency psychologist who found that although Plaintiff would have some deficits, Plaintiff could complete simple, routine, repetitive tasks at a non-production pace. (Id.)  These opinions constitute substantial evidence to support the ALJ's assessment of Plaintiff's mental functional capacity. Second, this court recognizes that it is within the province or the ALJ and not this court to weigh the credibility of different pieces of evidence, and "'[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].'"

Hancock, 667 F.3d at 472 (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)).  Therefore, this court will respect the credibility determination of the ALJ and the weight he assigned to Dr. Bradford's opinion.

In its argument concerning the weight to be assigned to Dr. Bradford's testimony, Plaintiff also seems to suggest that Dr. Bradford's employment with the North Carolina Department of Health and Human Services provides additional credibility to Dr. Bradford's determination.  While the "state agency medical consultants are highly qualified physicians who are also experts in Social Security disability evaluation," the consultant's opinion "can only be given weight 'insofar as [it is] supported by evidence in the case record.'"  Morgan v. Astrue, No. 1:10CV230, 2013 WL 312880, at *5 (M.D.N.C. Jan. 17, 2013) (alteration in original) (quoting SSR 96-6p, 1996 WL 374180) (citing 20 C.F.R. § 404.1527(f)(2)(i)).  Therefore, to the extent that Dr. Bradford's testimony contradicts the other medical evidence in the record and Plaintiff's own statements, the ALJ was correct to limit the weight of Dr. Bradford's testimony.

Accordingly, this court finds that it was appropriate to give little weight to the opinion of the consultative examiner, Dr. Bradford.[4]

### C. **Additional Evidence**

Plaintiff contends that additional evidence submitted to the Appeals Council supports a finding that his impairments meet or equal Listing 1.04, pertaining to disorders of the spine, and the Appeals Council's refusal to award benefits or remand after considering this new evidence "constitutes reversible error." (Pl.'s Mem. (Doc. 12) at 5.) In arguing this point, Plaintiff appears to contend that the Appeals Council acted improperly when considering the new evidence that arose after the ALJ's decision. However, this court finds that the Appeals Council considered the evidence, and that, now that this new evidence is part of the record, the ALJ's decision continues to be supported by substantial evidence.

In this case, Plaintiff submitted the following additional medical evidence to the Appeals Council: (1) treatment notes

---

[4] Additionally, although Dr. Bradford addressed Plaintiff's mental impairments, he did not evaluate those impairments under the "paragraph B" criteria. As neither Dr. Bradford nor any other medical source addressed the criteria for Listings 12.04 and 12.06, it is not clear to this court that giving additional weight to these opinions would establish that Plaintiff meets or equals one of these Listings.

from February to April 2011; (2) a January 2011 MRI and a

February 2011 x-ray; and (3) a report of Plaintiff's March 2011

lumbar fusion surgery.  (See Tr. at 693-711.)  The ALJ handed

down his decision on January 20, 2011 (id. at 19), and as a

result, all of the medical information except for the January

2011 MRI post-dated the ALJ's decision.  Nonetheless, the

Appeals Council added the information to the record.  (Id. at

5.) Then, after reviewing this information, the Appeals Council

"found that this information does not provide a basis for

changing the [ALJ's] decision."  (Id. at 2.)[5]

    To the extent that Plaintiff contends that the Appeals

Council acted improperly, this court disagrees.  It is unclear

how much explanation the Appeals Council must provide as to this

new evidence and how it affected the Appeals Council's decision.

In some cases, the Fourth Circuit has said that the Appeals

_____

    [5] The regulation governing the Appeals Council's
consideration of new evidence, 20 C.F.R. § 404.970(b), requires
that the Appeals Council consider "additional evidence" but
"only where it relates to the period on or before the date of
the administrative law judge hearing decision" and is "new and
material."  See 20 C.F.R. § 404.970 (emphasis added); Wilkins v.
Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95 (4th Cir.
1991). This court has some question as to whether the additional
information is new, material, or relates to the period before
the ALJ's decision, but because the Appeals Council chose to
consider the information and incorporate it into the record,
this court will not review whether the Appeals Council was
required to consider the information.

-15-

Council is not required to articulate its own assessment of the additional evidence, noting that the regulation governing the Appeals Council's consideration of new evidence, 20 C.F.R. § 404.970(b), does not require a detailed analysis. See, e.g., Hollar v. Comm'r of Soc. Sec. Admin., 194 F.3d 1304, at *1 (4th Cir. 1999) (per curiam) (citing Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992)). Consequently, the Fourth Circuit has approved of the Appeals Council's determination when it "simply identified the evidence, stated that it had considered the evidence, and concluded that the evidence did 'not provide a basis for changing the Administrative Law Judge's decision.'" Id. The Appeals Council has certainly met this bar here.

In other cases, the Fourth Circuit has found that stating "only that the additional evidence had been considered, was plainly deficient." Jordan v. Califano, 582 F.2d 1333, 1336 (4th Cir. 1978)[6]; see also Harmon v. Apfel, 103 F. Supp. 2d 869 (D.S.C. 2000) (identifying some disagreement within the circuit). Instead, the Fourth Circuit has said that the Appeals

_____

[6] Jordan was a black lung benefits case. In Arnold v. Sec'y of Health, Education & Welfare, 567 F.2d 258, 259 (4th Cir. 1977), the Fourth Circuit held that in a black lung benefits case, the Commissioner must consider all relevant evidence and "indicate explicitly that such evidence has been weighed and its weight." Jordan is therefore distinguishable in part because of its application of a specific rule articulated by the Fourth Circuit.

Council must go further and "articulate its reason for rejecting new, additional evidence." Harmon, 103 F. Supp. 2d at 873. In this case, the Appeals Council explained that the ALJ's finding continued to be supported by substantial evidence, specifically the medical opinions of record and Plaintiff's own statements regarding his functional abilities. (Tr. at 2.) Although this analysis is rather cursory, it provides sufficient grounds for this court to review the agency's determination as to this evidence. Therefore, this court does not find reason to remand based upon the Appeals Council's analysis of the new evidence.

Furthermore, when this court considers this new evidence as part of the record - as this court is required to do when the Appeals Council considers additional evidence but denies review, see Wilkins, 953 F.2d at 96 - this court finds that the ALJ's disability determination was supported by substantial evidence and was not, as Plaintiff claims, "completely contradictory to the medical evidence contained in the record." (Pl.'s Mem. (Doc. 12) at 3.)

As an initial matter, besides citing to the Physical Capabilities Evaluation Form completed by Dr. Lyerly (Tr. at 542-46) and to additional exhibits submitted to the Appeals Council concerning an additional back surgery (Tr. at 703, 707),

Plaintiff does not identify what listing he believes his impairments meet or equal, and he does not identify what findings as to the listing requirements that the ALJ made incorrectly or without substantial evidence. (See Pl.'s Mem. (Doc. 12) at 3-4.) However, the evidence cited by Plaintiff appears to relate to Plaintiff's back pain, and as a result, this court looks at whether, after adding this additional evidence to the record, the ALJ's determination concerning Plaintiff's impairments and the requirements of Listing 1.04 is still supported by substantial evidence.

In his decision, the ALJ specifically found that Plaintiff's spinal impairments did not meet the requirements of Listing 1.04. (Tr. at 12.) Listing 1.04 requires compromise of a nerve root or the spinal cord with one of three other symptoms: (A) evidence of nerve root compression, (B) spinal arachnoiditis, or (C) lumbar spinal stenosis. 20 C.F.R. pt. 404, subpt. P, app. 1, listing 1.04. The three additional symptoms listed in parts A, B, and C contain criteria that relate to the severity of the symptoms. For instance, to qualify under 1.04(C), the claimant's lumbar spinal stenosis must result in "pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic

nonradicular pain and weakness, and resulting in inability to ambulate effectively," as defined in the regulation.  Id.

Here, the ALJ determined that Plaintiff's back pain has not resulted "in the compromise of a nerve root (including the cauda equina) or the spinal cord" and there "was no evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss." (Tr. at 12.)  As a result, the ALJ found that Plaintiff's "back pain does not meet or equal the criteria for listing 1.04."  (Id.)

Now, Plaintiff has submitted evidence of an additional back surgery, but Plaintiff has not indicated how the new evidence helps Plaintiff establish any of the requirements of Listing 1.04.  Even assuming that the evidence now provides that a nerve root or the spine has been compromised, the new medical evidence does not indicate that Plaintiff has met any of the additional requirements set out in Listing 1.04, i.e., evidence of nerve root compression or spinal stenosis accompanied by an inability to "ambulate effectively."  Additionally, Plaintiff's own statements as to his daily functioning - grocery shopping, vacuuming, washing dishes, caring for his dogs, etc. - continue

to constitute substantial evidence that he does not meet the
requirements of Listing 1.04.  (<u>See</u> Tr. at 13.)  Additionally,
this additional evidence does not undercut the ALJ's RFC
calculation, as Plaintiff was already limited to light work
based in part on his severe back pain.  (<u>See</u> Tr. at 15-17.)  As
a result, this court finds that the additional evidence
submitted to the Appeals Council does not provide this court
with reason to reverse the decision of the Commissioner.

     **D.**   <u>**Remand**</u>

     As an alternative to reversing the Commissioner, Plaintiff
asks this court to remand this case for further proceedings to
consider the new evidence presented to the Appeals Council.
(Pl.'s Mem. (Doc. 12) at 5.)  Plaintiff seems to argue two
alternate grounds for this court to order remand, alleging (1)
that a remand is necessary to make "appropriate findings" as to
new evidence, a "sentence-six" remand (<u>see</u> <u>id.</u>), and (2) that a
remand is necessary because "the Commissioner's determination
that Plaintiff had not been under a disability . . . was not
supported by the substantial evidence," a "sentence-four
remand."  (<u>See</u> Pl.'s Mot. to Reverse the Decision of the
Commissioner of Social Security or in the Alternative to Remand
for Reh'g (Doc. 11) at 1.)  Because these two types of remand

require different showings, this court will analyze the propriety of both briefly.

The proper avenue to reopen the record for new and material evidence is a "sentence-six remand." See 42 U.S.C. § 405(g). There are three requirements for remand under sentence six. Wilkins, 953 F.2d at 96. First, the evidence must be new. "Evidence is deemed new if it is not duplicative or cumulative of evidence already in the record." Id. Second, the evidence must be material. Evidence is material if there is a reasonable possibility that it would have changed the outcome. Id. Third, there must be "good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The burden of showing that the requirements of sentence six are met rests with the claimant. See Fagg v. Chater, 106 F.3d 390, at *2 (4th Cir. 1997) (per curiam); Keith v. Astrue, No. 4:11CV00037, 2012 WL 2425658, at *2 (W.D. Va. June 22, 2012).

In this case, Plaintiff has failed to demonstrate that the additional medical records submitted to the Appeals Council are either new or material. The evidence demonstrates Plaintiff's back impairment and resulting pain, for which he underwent another lumbar fusion. It therefore appears cumulative of the

evidence already in the record.  Furthermore, Plaintiff has not established how this additional medical evidence establishes that he meets or equals a listing impairment as explained <u>supra</u> Part III.C.

Therefore, because Plaintiff has not met his burden, this court will not remand this case for further proceedings on the basis of sentence six of 42 U.S.C. § 405(g).

A "sentence-four remand" is the proper avenue if this court finds reason to remand this proceeding because the ALJ's decision is not supported by substantial evidence or because it involved an incorrect legal standard.  <u>See</u> 42 U.S.C. § 405(g). As explained above, this court has determined that the ALJ's decision was supported by substantial evidence and was reached through application of the correct legal standard, and the reasons cited by Plaintiff do not disturb that finding. Therefore, this court will not remand this case for further proceedings on the basis of sentence four of 42 U.S.C. § 405(g).

**IV.**   <u>**CONCLUSION**</u>

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse the Decision of the Commissioner or in the Alternative to Remand for Rehearing (Doc. 12) is **DENIED,** that Defendant's Motion for Judgment on the Pleadings (Doc. 14) is **GRANTED,** and that this

action is dismissed with prejudice.  A judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 12th day of February, 2015.

_____
United States District Judge